**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **R.M.H.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-25-950-STE** |
| | ) |
| **FRANK BISIGNANO,** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for Title II disability insurance benefits and Title XVI supplemental security income. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 17-26). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.     THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity (SGA) since October 1, 2019, the alleged disability onset date. (TR. 19). At step two, the ALJ determined Plaintiff suffered from severe degenerative disc disease. (TR. 20). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to performance of no more than occasional stooping or kneeling and capable of following simple, some detailed but no complex instructions.

(TR. 20).

With these limitations, and at step four, the ALJ concluded that Plaintiff was able to perform her past relevant work (PRW) as a cashier/checker. (TR. 24). Even so, the ALJ made alternative findings at step five. At step five, the burden of proof shifts to the Commissioner "to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education, and work experience." *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). One of the ways the Commissioner can meet this

burden is through use of "the Grids." *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998). The Grids are matrices of the "four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Daniels*, 154 F.3d at 1132 (citing *Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983)); *see also* Social Security Ruling 83-11, Titles II And XVI: Capability to Do Other Work--the Exertionally Based Medical-Vocational Rules Met, 1983 WL 31252 (1983) (allowing application of the Grids when the claimant can perform all of the exertional demand at a given level of exertion). Here, given Plaintiff's RFC, the ALJ applied the Grids and concluded that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (TR. 25). This finding was made after the ALJ adopted testimony from a vocational expert (VE) who identified three jobs from the Dictionary of Occupational Titles that Plaintiff could perform based on her RFC limitations. (TR. 25-26).

## III.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means

only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV.    ISSUE PRESENTED

Plaintiff alleges the following as the basis for her appeal:

> The ALJ erred by failing to consider a partially favorable decision once the Plaintiff changed age categories and would have no past relevant work pursuant to SSR 24-2p under her Title XVI claim.

(ECF No. 12:10). Plaintiff's challenge concerns the ALJ's step five finding wherein Plaintiff alleges that the ALJ misapplied the Grids. *See* ECF No. 12:11-13. According to Plaintiff, if the ALJ had properly applied the Grids, a "partially favorable decision" would have resulted with respect to her Title XVI claim.[1]

## V.    ANALYSIS

Although Plaintiff's challenge concerns step five, it necessarily requires an examination of the step four findings, wherein the ALJ found that Plaintiff could perform her PRW of cashier/checker. Thus, the Court's analysis begins there. As stated, at step four, the ALJ concluded that Plaintiff could perform her PRW as a cashier/checker. *See*

---

[1] Plaintiff's Title II claim is not at issue, because her argument turns on facts which occurred after her date last insured of December 31, 2019. Thus, this case concerns only Plaintiff's Title XVI claim.

*supra*. The Social Security Administration defines PRW as "work that an individual has done within the past 5 years, that was SGA, and that lasted long enough for the individual to learn to do it." Social Security Ruling (SSR) 24-2p, Titles II and XVI: How We Evaluate Past Relevant Work, 2024 WL 3291790, at *3 (June 6, 2024). For a Title XVI claim, the five year relevant period begins five years prior to the date of the administrative hearing decision and ends on the date of the hearing decision. *Id.* Thus, for Plaintiff, the relevant period for her Title XVI claim would be October 21, 2019 through October 21, 2024.[2]

Plaintiff alleges that her "last documented earnings were in 2016," which "would be outside the timeframe to be considered past relevant work." (ECF No. 12:11). The Commissioner contends that "the ALJ reasonably concluded that Plaintiff stopped working on October 1, 2019" based on job and work history reports which stated that she worked at a "department store" from October 2017 through October 2019. *See* ECF No. 20:6. Indeed, those reports comport with Defendant's position, *see* TR. 256, 267, but as noted by Plaintiff, her actual earnings reports indicate that she earned no income whatsoever at any point past 2016, but during that year she had earned income working at Walmart. *See* TR. 212, 217. Plaintiff was not present at the hearing but was represented by representative Candance Lorel. *See* TR. 32. At the hearing, the only discussion relevant to this issue was when the ALJ asked the representative whether she was aware of any work performed by the claimant after the alleged onset date of October 1, 2019. *See* TR. 36. The representative answered this question in the negative, but this particular question and answer did not establish the actual date that Plaintiff quit working. Indeed, on one

---

[2] The administrative decision is dated October 21, 2024. *See* TR. 26.

work history report, an individual named Destiny Warner (who completed the form on behalf of Plaintiff) listed "Walmart" as one of Plaintiff's jobs, and in the "dates worked" section, a handwritten note states: "I don't remember the dates I was employed." (TR. 272).

Based on the forgoing information, the Court finds that credible evidence indicates that Plaintiff last worked for Walmart in 2016 but thereafter earned no income. As a result, this job could not have qualified as PRW for the Title XVI claim with the relevant period being October 21, 2019 through October 21, 2024.[3] The ALJ erred in concluding otherwise. However, any error at step four should be considered harmless because the ALJ proceeded to step five of the analysis.

At step five, the ALJ has the burden to show there are other jobs a claimant can adjust to that exist in significant numbers in the national economy. *See Daniels v. Apfel,* 154 F.3d 1129, 1132 (10th Cir. 1998); *see also* 20 C.F.R. §§ 404.1560(c)(2) & 416.960(c)(2). In the administrative decision, the ALJ set forth the appropriate standard at step five, stating:

> In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has non-exertional limitations, the medical-vocational rules are used as a framework for decision-making unless there is a rule that

---

[3] Even utilizing the October 1, 2019 date would not have salvaged the ALJ's finding, as that date also preceded the relevant period.

directs a conclusion of "disabled" without considering the additional exertional and/or non-exertional limitations (SSRs 83-12 and 83-14).

(TR. 25). When utilizing the Grids, the Commissioner has established three age categories: younger person (an individual under the age of 50), person closely approaching advanced age (an individual between the ages of 50 and 54), and person of advanced age (an individual age 55 or older). 20 C.F.R. §§ 404.1563(c)-(e) & 416.963(c)-(e).

In evaluating Plaintiff's claim, the ALJ stated: "If the claimant had the residual functional capacity to perform the full range of light work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.13." (TR. 25). This particular Grid Rule applies when the claimant is limited to "light work," as Plaintiff was here, and is considered "closely approaching advanced age"—i.e.—ages 50-54. *See supra*. The ALJ selected this age category by utilizing Plaintiff's age on the alleged onset date of October 1, 2019. *See* TR. 25 ("The claimant was born on July 14, 1968 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.").

The issue, however, concerns the fact that on July 14, 2023, prior to the date of the decision, Plaintiff reached age 55, changed age categories and was, as of that date, considered "advanced age." As a result, Plaintiff argues that based on the change in age category, the ALJ should have found a partially favorable decision under Grid Rule 202.04. (ECF No. 12:11-13). Plaintiff is correct. According to the regulations, when applying age as a factor in utilizing The Grids, the ALJ "will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. §§ 404.1563(b) & 416.963(b). Here, the onset date was October 1, 2019, when Plaintiff was

51 years old and considered "closely approaching advanced age." Clearly, the ALJ relied on this age category when applying the Grids. *See* TR. 25. But the regulations state that the ALJ will use "*each of the age categories that applies to you* during the period for which we must determine if you are disabled," which, considering the decision was dated October 21, 2024, would include application of the "advanced age" category for Plaintiff beginning on July 14, 2023. *See supra* (emphasis added). As a result, the Court finds merit to Plaintiff's argument that her change in age categories prior to the administrative decision date required the ALJ to examine both the Grid Rules utilizing two age categories—"closely approaching advanced age" and "advanced age." If the ALJ had utilized the latter category, application of Grid Rule 202.04 would have resulted in a finding of "disabled" for Plaintiff. Thus, the ALJ's failure in this regard is error and remand is warranted.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on June 26, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE